Detinue for a slave, named John. The slave in controversy once belonged to William Davidson. He being in insolvent circumstances, (556) a creditor of his obtained a judgment and execution against him. The slave was levied on and sold by the sheriff, as William Davidson's property, and the defendant became the purchaser. The plaintiff contended that her father, William Davidson, had sold said slave to her bona fide and for a valuable consideration, before the teste
of the execution, under which the defendant claimed him. She offered her father as a witness to prove these facts. He stated that he had sold the slave to the plaintiff bona fide and for a valuable consideration before the teste of the execution under which the defendant claimed the said slave; that he had never made any actual delivery to the plaintiff of the slave, but that he had permitted her to hire out the mother and her boy John and receive the hires; that the consideration given to him by the plaintiff for the slave was a tract of land which belonged to her, lying in the State of Tennessee; "that she had executed to him a deed of bargain and sale for the said land." Neither the plaintiff nor the witness was able to produce the said deed, it being alleged to be in Tennessee. The court was of opinion that the deed would be the best evidence that the plaintiff had actually parted with her title and interest in the said land, and also given a valuable consideration for the slave, and refused to permit the witness to give parol evidence of his acquiring the title to the said land. Whereupon the plaintiff was nonsuited and appealed.
We think that the court was right. The best evidence of the fact, if it existed, that the witness had purchased the land bona fide, was the deed mentioned, executed in such manner as to pass lands in the State of Tennessee, as the witness said that the legal title had passed out of the plaintiff to him. The witness was the proper person *Page 391 
to have the custody of the deed, and his leaving it in Tennessee did not permit him to give parol evidence of its contents. (557) The judgment must be
PER CURIAM. Affirmed.
Cited: Threadgill v. White, 33 N.C. 595; McCracken v. McCrary,50 N.C. 400; Gillis v. R. R., 108 N.C. 448.